Marc I. Kunkin, Esq.
HILL RIVKINS LLP
102 Broadway
South Amboy, NJ 08879-1708
*Attorneys for JOHN DOE subscriber assigned IP address 108.53.86.97*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

MALIBU MEDIA, LLC,

                                Plaintiff,

            -v-

JOHN DOE subscriber assigned IP address
108.53.86.97,

                                Defendant.

Civil Action No.:  2:14-cv-07518-MCA

## DECLARATION OF MARC I. KUNKIN PURSUANT TO 28 U.S.C. § 1746

Pursuant to 28 U.S.C.§ 1746, I hereby declare as follows:

1.      I, Marc I. Kunkin, am an attorney duly admitted to practice law in the State of New Jersey and before this Honorable Court, and am an attorney with the law firm of Hill Rivkins LLP, the attorneys for the defendant, JOHN DOE subscriber assigned IP address 108.53.86.97 ("DOE") in the captioned action, and was and remain actively involved in the defense of DOE; as such, deponent is fully familiar with the pleadings and proceedings hereinbefore had in the captioned matter.  I make this declaration based on my personal knowledge.

2.      This declaration is submitted in support defendants' motion seeking, *inter alia*, to quash the subpoena issued to Verizon for the disclosure of information, such as defendant's name and address.

3.    Attached hereto are true and correct copies of the following documents:

a.    Subpoena issued by plaintiff to Verizon Internet Services as **Exhibit 1**;

b.    Hotel bill redacted by me after confirming the name matched the IP account holder for the subject IP address as **Exhibit 2**;

c.    Christie Fay's (Plaintiff's) email received the morning of April 8, 2015 as **Exhibit 3**;

d.    Christie Fay's (Plaintiff's) email received the afternoon of April 8, 2015 as **Exhibit 4**;

e.    My (Defendant's) email dated April 14, 2015 as **Exhibit 5**;

f.    Patrick Cerillo's (Plaintiff's) email received April 14, 2015 as **Exhibit 6**;

g.    Christie Fay's (Plaintiff's) email received April 14, 2015 as **Exhibit 7**; and,

h.    My (Defendant's) email dated April 15, 2015 as **Exhibit 8**.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 29, 2015

_____

Marc I. Kunkin

CERTIFICATION OF MAILING

I, Marc I. Kunkin:  I am not a party to the action, am attorney for JOHN DOE subscriber

assigned IP address 108.53.86.97.  On April 29, 2015, I served the within **Declaration of Marc**

**I. Kunkin Pursuant to 28 U.S.C. § 1746** by depositing a true copy thereof in a post-paid

wrapper, in an official depository under exclusive care and custody of the United States Postal

Service, addressed to each of the following persons at the last known address set forth after each

name.

To:     Patrick J. Cerillo, Esquire,
        4 Walter Foran Blvd.
        Suite 402
        Flemington, New Jersey 08822
        *Attorney for Plaintiff*


_____
                    Marc I. Kunkin

CERTIFICATION OF MAILING

I, Marc I. Kunkin:  I am not a party to the action, am attorney for JOHN DOE subscriber

assigned IP address 108.53.86.97.  On April 29, 2015, I served the within **Declaration of Marc**

**I. Kunkin Pursuant to 28 U.S.C. § 1746** by depositing a true copy thereof in by Facsimile and

by Federal Express in a post-paid wrapper, in an official depository under exclusive care and

custody of the Federal Express Service, addressed to each of the following persons at the last

known address set forth after each name.


To:     Verizon Legal Compliance
        Custodian of Records
        P.O. Box 1001
        San Angelo, TX 76902


_____
                        Marc I. Kunkin

# Exhibit 1

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the District of New Jersey

| | |
|---|---|
| Malibu Media, LLC<br>*Plaintiff*<br><br>v.<br><br>John Doe subscriber assigned IP address<br>108.53.86.97,<br>*Defendants.* | Civil Action No. 2:14-cv-07518-FSH-MAH |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Verizon Internet Services
Verizon Legal Compliance
Custodian of Record
2701 S. Johnson Street
MC-TXD01613
San Angelo, TX 76904
Via Facsimile: (325) 949-6916

[X] *Production*: YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

Please produce documents identifying the **name and address only** of the defendant John Doe listed in the below chart:

| IP Address | Date/Time UTC |
|---|---|
| 108.53.86.97 | 10/01/2014 03:34:23 |

| Place: Patrick J. Cerillo, Esq.<br>Patrick J. Cerillo, LLC<br>4 Walter Foran Boulevard<br>Suite 402<br>Flemington, NJ 08822 | Date and Time:<br>May 4, 2015 @ 9:30 a.m. |
|---|---|

[ ] *Inspection of Premises*: YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

1

03/03/2015 1:18 PM FAX  9082840915          PATRICK J CERILLO LLC                    ☑ 0004/0012

| Place: | Date and Time: |
|--------|----------------|
|        |                |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: March 3, 2015

          *CLERK OF COURT*

                                              OR      *Patrick J. Cerillo, Esq.*
          _____
          *Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing Plaintiff, who issues or requests this subpoena, are:
Patrick J. Cerillo, Esq., Patrick J. Cerillo, LLC, 4 Walter Foran Boulevard, Suite 402, Flemington, NJ 08822 Telephone: (908) 284-0997, Email: pjcerillolaw@comcast.net

03/03/2015 1:18 PM FAX 9082840915      PATRICK J CERILLO LLC      ☑0005/0012

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**
**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may,

on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information;
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.
**(d) Duties in Responding to a Subpoena.**
**(1)** *Producing Documents or Electronically Stored Information.*
These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial preparation material must: (i) expressly make the claim; and (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

4

(CNJ189) Malibu Media v. John Doe

Case No: 2:14-cv-07518-FSH-MAH

| IP Address | Date/Time UTC |
|---|---|
| 108.53.86.97 | 10/1/2014 3:34 |
| | |
| | |

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**Chambers of**
**Michael A. Hammer**
United States Magistrate Judge

Martin Luther King Federal Building
& U.S. Courthouse
50 Walnut Street
Newark, NJ 07101
(973) 776-7858

March 2, 2015

To: All counsel of record

### LETTER OPINION AND ORDER

RE:   **Malibu Media, LLC v. John Doe subscriber assigned IP address
108.53.86.97**
**Civil Action No. 14-7518 (FSH)(MAH)**

Dear Counsel:

This Letter Opinion and Order will address Plaintiff Malibu Media, LLC's motion for leave

to serve a third-party subpoena to ascertain the identity of the subscriber assigned Internet Protocol

("IP") address 108.53.86.97 for the dates relevant to the Complaint.   Plaintiff seeks to obtain this

information before the Federal Rule of Civil Procedure 26(f) scheduling conference in this matter.

D.E. 4. Pursuant to Federal Rule of Civil Procedure 78, the Court did not hear oral argument. For

the reasons stated below, Plaintiff's motion is **granted in part and denied in part.**

### I.   BACKGROUND

Plaintiff Malibu Media LLC is a California limited-liability corporation that claims

ownership of certain United States copyright registrations, and asserts that each registration covers

a different motion picture (collectively, the "Works").   Compl., at ¶ 3, D.E. 1 & Ex. B.   Plaintiff

alleges that Defendant illegally copied and distributed Plaintiff's copyrighted works via the

BitTorrent peer-to-peer file-sharing protocol, in violation of the Copyright Act, 17 U.S.C. § 101

et seq.[1]   Compl., at ¶¶ 2, 33.

Plaintiff asserts that it does not know Defendant's identity; it knows only that the infringing acts alleged in the Complaint were committed using IP address 108.53.86.97.   Therefore, Plaintiff seeks leave to issue a subpoena to the appropriate Internet Service Provider ("ISP"), in this case Verizon FiOS, for the "true name and address" of the account holder of that IP address.   Plaintiff's Br., at 5, D.E. 4-4; Plaintiff's Proposed Order, at ¶¶ 1-2, D.E. 4-8.   Plaintiff asserts the ISP, having assigned that IP address, can compare the IP address with its records to ascertain Defendant's identity.   See Pl. Br., at 4-5.   Plaintiff contends this information is necessary because without it, Plaintiff will have no means to determine the true identity of the Defendant, and therefore would not be able to "serve the Defendant nor pursue this lawsuit to protect its valuable copyrights."   Id. at 5.

## II.   LEGAL STANDARD AND ANALYSIS

Federal Rule of Civil Procedure 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)."   The Court, however, may grant leave to conduct discovery prior to that conference.   See id.   In ruling on a motion for expedited discovery, the Court should consider "the entirety of the record to date and the reasonableness of the request in light of all of the surrounding circumstances."   Better Packages, Inc. v. Zheng, No. 05-4477, 2006 WL 1373055, at *2 (D.N.J. May 17, 2006) (quoting Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor, 194 F.R.D. 618, 624 (N.D. Ill. 2000)).   Courts faced with motions for leave to serve expedited discovery requests to ascertain the identity of John Doe defendants in internet copyright infringement cases often apply the "good cause" test.

---

[1] Plaintiff asserts that it retained a forensic investigator, IPP International UG, to identify the IP address and document its alleged acts of infringement.   See Declaration of Tobias Fieser, at ¶¶ 13-16, D.E. 4-7. Plaintiff alleges that IPP International UG was able to use the BitTorrent protocol to download one or more bits of those Works during connections with Defendant's IP address.   Complaint ¶¶ 18-24. Plaintiff further alleges, "Defendant downloaded, copied, and distributed a complete copy of Plaintiff's movies without authorization . . . ."   Id. ¶ 20.

See In re BitTorrent Adult Film Copyright Infringement Cases, No. 11-3995, 2012 WL 1570765 (E.D.N.Y. May 1, 2012) (granting limited early discovery regarding a John Doe defendant); Pacific Century Int'l. Ltd. v. Does 1-101, No. 11-2533, 2011 WL 5117424, at *2 (N.D. Cal. Oct. 27, 2011) (finding plaintiff had not shown good cause to obtain expedited discovery). Good cause exists where "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." Am. Legalnet, Inc. v. Davis, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009); accord Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 275 (N.D. Cal. 2002).

Courts in this District have frequently applied the "good cause" standard to permit early but limited discovery under analogous circumstances. In Malibu Media, LLC v. John Does 1-11, the plaintiff sought leave to serve a subpoena demanding that the ISP in question reveal the John Doe defendants' name, address, telephone number, email address, and Media Access Control ("MAC") address. No. 12-7615, 2013 U.S. Dist. LEXIS 26217, at *3-4 (D.N.J. Feb. 26, 2013). In that case, the Court granted the plaintiff's request for early discovery, but permitted the plaintiff to obtain only the information absolutely necessary to allow it to continue prosecuting its claims: the defendant's name and address. Id. at *3. The Court recognized that neither party should be left without remedy. On the one hand, the plaintiffs claimed to be the owners of copyrighted works that were entitled to protection. On the other hand, more expansive and intrusive discovery could have imposed an undue burden on innocent individuals who might not have been the actual infringers. Id. at *9-11 (citing Third Degree Films, Inc. v. John Does 1-110, Civ. No. 12-5817, 2013 U.S. Dist. LEXIS 27273 (D.N.J. Jan. 17, 2013)). Therefore, the Court granted the plaintiffs limited, early discovery, i.e., the names and addresses of the subscribers but not the email addresses, phone numbers, or MAC addresses. Id. at *3. Other courts in this District have reached the same conclusion and have imposed similar limitations. See, e.g., Malibu Media LLC v. Doe, No. 14-3874 (WJM) (MF), Order (D.E. 7), at 4 (D.N.J. Sept. 2, 2014) (limiting subpoena

3

to be issued before Rule 26 conference to "the name and address of Defendant."); Malibu Media,

LLC v. Doe, No. 13-4660 (JAP) (DEA), slip op. (D.E. 5) at 2 (D.N.J. Aug. 19, 2013) (limiting the

scope of a pre-Rule 26(f) conference subpoena to a subscriber's name and address); Voltage

Pictures v. Doe, No. 12-6885 (RMB) (JS), 2013 U.S. Dist. LEXIS 155356, at *9-10 (D.N.J. May

31, 2013) (granting leave to serve subpoena requesting only the name, address, and media access

control address associated with a particular IP address); Malibu Media, LLC v. John Does 1-18,

No. 12-7643 (NLH) (AMD), 2013 U.S. Dist. LEXIS 155911, at *9-10 (D.N.J. Mar. 22, 2013)

(restricting the scope of a pre-Rule 26(f) conference subpoena by not permitting discovery of the

internet subscriber's telephone number or e-mail address).

     There is good cause in this case to permit limited discovery prior to the Rule 26(f)

conference.  The information is necessary to allow Plaintiff to identify the appropriate defendant,

and to effectuate service of the Amended Complaint.  The Court certainly recognizes that the IP

account holder might not be personally responsible for the alleged infringement.  However, the

IP account holder might possess information that assists in identifying the alleged infringer, and

thus that information is discoverable under the broad scope of Rule 26.  See Malibu Media, LLC

v. Does, No. 12-07789 (KM) (MCA), 2013 U.S. Dist. LEXIS 183958, at *24 (D.N.J. Dec. 18,

2013) ("The Court notes that it is possible that the Internet subscriber did not download the

infringing material.  It is also possible, however, that the subscriber either knows, or has

additional information which could lead to the identification of the alleged infringer.

Accordingly, the Court finds that the information sought by the subpoena is relevant."); see also

Malibu Media LLC v. Doe, No. 14-3874 (WJM) (MF), Order (D.E. 7), at 3 (D.N.J. Sept. 2, 2014)

(quoting Malibu Media, LLC v. Does, No. 12-07789 (KM) (MCA), 2013 U.S. Dist. LEXIS

183958, at *24 (D.N.J. Dec. 18, 2013)).

     Accordingly, the Court determines that good cause exists to allow Plaintiff to discover the

name and address of the IP subscriber.  That information serves the purposes outlined above,

while also taking into consideration the impact that disclosure might have on a subscriber who is not personally responsible for the alleged infringement. Therefore, the Court grants Plaintiff's motion in part. Plaintiff may serve Verizon FiOS with a subpoena pursuant to Federal Rule of Civil Procedure 45 that is limited to obtaining the name and address of the subscriber of IP address 108.53.86.97. Plaintiff may not seek the subscriber's telephone number(s), email address(es), or MAC addresses. Plaintiff shall attach a copy of this Letter Opinion and Order to the subpoena. Plaintiff shall limit its use of the information to this litigation, and Plaintiff shall be prepared to provide copies of the responsive information to any defendant who enters an appearance in this case.[2] All other aspects of Plaintiff's motion are denied.

So Ordered.

/s Michael A. Hammer
UNITED STATES MAGISTRATE JUDGE

---

[2] Before filing an Amended Complaint naming a specific individual as a defendant, Plaintiff shall ensure that it has an adequate factual basis to do so. By permitting this discovery, the Court does not find or suggest that Plaintiff may rely solely on the subscriber's affiliation with the IP address in question as the basis for its claims or its identification of the specific individual as the defendant.

# Exhibit 2

The Westin Houston Downtown
1520 Texas Street
Houston, TX 77002
713-228-1520
http://westinhoustondowntown.com



# WESTIN®

## HOTELS & RESORTS



| | | |
|---|---|---|
| Page Number | 1 | |
| Guest Number | | Arrive Date  09-30-2014 12:30 |
| Folio ID | | Depart Date  10-02-2014 05:44 |
| No. Of Guest | | |
| Room Number | | |



Duplicate Invoice

| Date | Reference | Description | Charges | Credit |
|---|---|---|---|---|
| 09-30-2014 | RT1010 | Room Charge | $302.33 | |
| 09-30-2014 | RT1010 | State Occupancy Tax | $18.14 | |
| 09-30-2014 | RT1010 | County Occupancy Tax | $12.09 | |
| 09-30-2014 | RT1010 | Local Occupancy Tax | $21.16 | |
| 09-30-2014 | 1 | Internet Service In Room | $9.95 | |
| 09-30-2014 | 2017 | In Room Dining | $21.20 | |
| 09-30-2014 | 2017 | In Room Dining | $3.00 | |
| 10-01-2014 | RT1010 | Room Charge | $302.33 | |
| 10-01-2014 | RT1010 | State Occupancy Tax | $18.14 | |
| 10-01-2014 | RT1010 | County Occupancy Tax | $12.09 | |
| 10-01-2014 | RT1010 | Local Occupancy Tax | $21.16 | |
| 10-01-2014 | 1 | Internet Service In Room | $9.95 | |
| 10-02-2014 | VI | Visa | | $-751.54 |
| | | ** Total | $751.54 | $-751.54 |
| | | ** Balance | $0.00 | |

For your convenience, we have prepared this zero-balance folio indicating a $0 balance on your account. Please be advised that any charges not reflected on this folio will be charged to the credit card on file with the hotel. While this folio reflects a $0 balance, your credit card may not be charged until after your departure.  You are ultimately responsible for paying all of your folio charges in full.

Continued on the next page

The Westin Houston Downtown
1520 Texas Street
Houston, TX 77002
713-228-1520
http://westinhoustondowntown.com



# WESTIN®
## HOTELS & RESORTS

 

Page Number          2
Guest Number
Folio ID
No. Of Guest
Room Number

Arrive Date   09-30-2014 12:30
Depart Date   10-02-2014 05:44

Duplicate Invoice

### EXPENSE SUMMARY REPORT
Currency: USD

| Date | Room/Tax | Food & Bev | Telecom | Other | Total | Payment |
|------|---------|-----------|---------|-------|-------|---------|
| 09-30-2014 | $353.72 | $24.20 | $9.95 | $0.00 | $387.87 | $0.00 |
| 10-01-2014 | $353.72 | $0.00 | $9.95 | $0.00 | $363.67 | $0.00 |
| 10-02-2014 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $-751.54 |
| Total | $707.44 | $24.20 | $19.90 | $0.00 | $751.54 | $-751.54 |

We are pleased to confirm your ~ miles will be awarded for this visit. Thank you for your stay with us.

Thank you for choosing Starwood Hotels We look forward to welcoming you back soon!

Exhibit 3

**Marc I. Kunkin**

| | |
|---|---|
| **From:** | Christie Fay <pjcrealestate@comcast.net> |
| **Sent:** | Wednesday, April 08, 2015 9:00 AM |
| **To:** | Marc I. Kunkin |
| **Subject:** | Malibu Media V. John Doe; Case No. 2:14-cv-07518-MCA-MAH; Settlement Communication; CNJ189-1 |

Mr. Kunkin:

My client has rejected your offer without an investigation into hardship. If your client would like to provide their name and address, I could investigate and advise my client. Otherwise, I have been instructed to wait for the ISP to respond to the subpoena.


Thank You,


Patrick J. Cerillo, Esquire,

4 Walter Foran Blvd.

Suite 402

Flemington, New Jersey 08822

Ph: (908) 284-0997    Fax: (908) 284-0915

# Exhibit 4

## Marc I. Kunkin

| | |
|---|---|
| **From:** | Christie Fay <pjcrealestate@comcast.net> |
| **Sent:** | Wednesday, April 08, 2015 12:27 PM |
| **To:** | Marc I. Kunkin |
| **Subject:** | Malibu Media V. John Doe; Case No. 2:14-cv-07518-MCA-MAH; Settlement Communication; CNJ189-1 |

Mr. Kunkin:

My client is making a final offer to settle this case. I am authorized to accept $10,000 provided funding is received by April 17. If this offer is rejected by your client, then we will wait for the ISP to release the name.
Please confer with your client.

Thank You,

Patrick J. Cerillo, Esquire,

4 Walter Foran Blvd.

Suite 402

Flemington, New Jersey 08822

Ph: (908) 284-0997    Fax: (908) 284-0915

---

From: Christie Fay [pjcrealestate@comcast.net]
Sent: Wednesday, April 08, 2015 8:59 AM
To: mkunkin@hillrivkins.com
Subject: Malibu Media V. John Doe; Case No. 2:14-cv-07518-MCA-MAH; Settlement Communication; CNJ189-1

Mr. Kunkin:

My client has rejected your offer without an investigation into hardship. If your client would like to provide their name and address, I could investigate and advise my client. Otherwise, I have been instructed to wait for the ISP to respond to the subpoena.

Thank You,

Patrick J. Cerillo, Esquire,

4 Walter Foran Blvd.

Suite 402

Flemington, New Jersey 08822

Ph: (908) 284-0997   Fax: (908) 284-0915

# Exhibit 5

## Marc I. Kunkin

| | |
|---|---|
| **From:** | Marc I. Kunkin |
| **Sent:** | Tuesday, April 14, 2015 12:43 AM |
| **To:** | 'Christie Fay' |
| **Subject:** | RE: Malibu Media V. John Doe; Case No. 2:14-cv-07518-MCA-MAH; Settlement Communication; CNJ189-1 |
| **Attachments:** | Hotel bill -redacted.pdf |
| | |
| **Importance:** | High |

I have tried to contact Pat on numerous occasions, but only one call has been put through to him to date.  None of my other efforts to speak with Pat have been successful.  As I have mentioned repeatedly, I represent the account holder for IP Address: 108.53 .86.97, who did not violate any copyrights.  My client previously offered a settlement stating it was not the actor, recognizing that a settlement would be more economical than continuing litigation.  While I was informed during my one call with Pat that there is a procedure to be employed in cases where the account holder represents it did not violate any copyrights and he proposed that my client proceed anonymously, all of the emails from your office leverage the economic burden placed on my client by continuing to threaten to pursue my client by name on a complaint that would embarrass my client unless a large sum of money is paid in short order.  I write in the hopes that there is a misunderstanding and this is not the way Pat practices law.  You have been a gatekeeper from the beginning and this is the last time that I will request that Pat contact me (by cell phone at 917-723-2503) before seeking the appropriate relief from the court.

Also, in furtherance of my client's position that it was not the actor and even though my client is not required to prove a negative, attached is a hotel bill establishing that my client and my client's laptop were in Texas at the time of the incident alleged in the subpoena that was served in this matter.  I redacted the documents and represent that the hotel bill is in the name of my client, the account holder for the subject IP address.  Clearly, there has been a mistake and your office is obligated to address the mistake.  The repeated demand for large sums of money payable in short order to avoid embarrassment is harassment and not a sanctioned litigation method in the District of New Jersey and all interests can be addressed with defendant remaining anonymous.  I demand that your office immediately withdraw the subpoena, which is not even necessary, as Pat previously acknowledged that my client could proceed anonymously and we could continue to work together to resolve this matter.  This is my last good faith effort to address the ongoing tactics without involving the Court.

Lastly, while the deadlines imposed by the subpoena prevent us from extending the usual safe harbor period under Rule 11, we reserve our rights to seek sanctions in this matter.

Regards,

Marc I. Kunkin
on behalf of Hill Rivkins LLP
45 Broadway, Suite 1500
New York, N.Y. 10006-3739
Tel.: 212-669-0600 (Direct -0630)
Fax: 212-669-0698/0699
-------------------------------------------------------
The information contained in this transmission may contain privileged and confidential information.  It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

1

-----Original Message-----
From: Marc I. Kunkin
Sent: Wednesday, April 08, 2015 3:02 PM
To: 'Christie Fay'
Subject: RE: Malibu Media V. John Doe; Case No. 2:14-cv-07518-MCA-MAH; Settlement Communication; CNJ189-1

Please have Pat call me at 917-723-2503.  Thank you.

Regards,

Marc I. Kunkin
on behalf of Hill Rivkins LLP
45 Broadway, Suite 1500
New York, N.Y. 10006-3739
Tel.: 212-669-0600 (Direct -0630)
Fax: 212-669-0698/0699
---------------------------------------------------------
The information contained in this transmission may contain privileged and confidential information.  It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

-----Original Message-----
From: Christie Fay [mailto:pjcrealestate@comcast.net]
Sent: Wednesday, April 08, 2015 2:57 PM
To: Marc I. Kunkin
Subject: FW: Malibu Media V. John Doe; Case No. 2:14-cv-07518-MCA-MAH; Settlement Communication; CNJ189-1

Mr. Kunkin,

My client will neither accept $5000, nor a compromise of $7500. The offer of $10,000 by April 17 stands firm until an investigation is conducted.

Please confer with your client.

Thank You,

Patrick J. Cerillo, Esquire,

4 Walter Foran Blvd.

Suite 402

Flemington, New Jersey 08822

Ph: (908) 284-0997   Fax: (908) 284-0915

**The Westin Houston Downtown**
1520 Texas Street
Houston, TX 77002
713-228-1520
http://westinhoustondowntown.com



**WESTIN®**

HOTELS & RESORTS





| | |
|---|---|
| Page Number | 1 |
| Guest Number | |
| Folio ID | |
| No. Of Guest | |
| Room Number | |

Arrive Date  09-30-2014 12:30
Depart Date  10-02-2014 05:44

**Duplicate Invoice**

| Date | Reference | Description | Charges | Credits |
|---|---|---|---|---|
| 09-30-2014 | RT1010 | Room Charge | $302.33 | |
| 09-30-2014 | RT1010 | State Occupancy Tax | $18.14 | |
| 09-30-2014 | RT1010 | County Occupancy Tax | $12.09 | |
| 09-30-2014 | RT1010 | Local Occupancy Tax | $21.16 | |
| 09-30-2014 | 1 | Internet Service In Room | $9.95 | |
| 09-30-2014 | 2017 | In Room Dining | $21.20 | |
| 09-30-2014 | 2017 | In Room Dining | $3.00 | |
| 10-01-2014 | RT1010 | Room Charge | $302.33 | |
| 10-01-2014 | RT1010 | State Occupancy Tax | $18.14 | |
| 10-01-2014 | RT1010 | County Occupancy Tax | $12.09 | |
| 10-01-2014 | RT1010 | Local Occupancy Tax | $21.16 | |
| 10-01-2014 | 1 | Internet Service In Room | $9.95 | |
| 10-02-2014 | VI | Visa | | $-751.54 |
| | | ** Total | $751.54 | $-751.54 |
| | | ** Balance | $0.00 | |

      For your convenience, we have prepared this zero-balance folio indicating a $0 balance on your account. Please be advised that any charges not reflected on this folio will be charged to the credit card on file with the hotel.  While this folio reflects a $0 balance, your credit card may not be charged until after your departure.  You are ultimately responsible for paying all of your folio charges in full.

Continued on the next page

The Westin Houston Downtown
1520 Texas Street
Houston, TX 77002
713-228-1520
http://westinhoustondowntown.com



# WESTIN®

## HOTELS & RESORTS



Page Number        2
Guest Number                    Arrive Date    09-30-2014 12:30
Folio ID                        Depart Date    10-02-2014 05:44
No. Of Guest
Room Number
                 Duplicate Invoice

**EXPENSE SUMMARY REPORT**
Currency: USD

| Date | Room Charge | Food & Bev | Telephone | Other | Total | Payment |
|---|---|---|---|---|---|---|
| 09-30-2014 | $353.72 | $24.20 | $9.95 | $0.00 | $387.87 | $0.00 |
| 10-01-2014 | $353.72 | $0.00 | $9.95 | $0.00 | $363.67 | $0.00 |
| 10-02-2014 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $-751.54 |
| Total | $707.44 | $24.20 | $19.90 | $0.00 | $751.54 | $-751.54 |

        We are pleased to confirm your ~ miles will be awarded for this
visit. Thank you for your stay with us.

        Thank you for choosing Starwood Hotels We look forward to welcoming
you back soon!

Exhibit 6

## Marc I. Kunkin

| | |
|---|---|
| **From:** | Patrick J. Cerillo <pjcerillolaw@comcast.net> |
| **Sent:** | Tuesday, April 14, 2015 9:48 AM |
| **To:** | Marc I. Kunkin |
| **Cc:** | 'Christie Fay' |
| **Subject:** | Malibu Media v. Doe |

Hello Mr. Kunkin: I saw your e-mail about trying to reach me. I apologize for my delay in responding last week.

Thank you for sending the redacted hotel invoice. I have sent your e-mail to the client with my recommendation to allow us to proceed anonymously against your client. If my client will agree to that recommendation this should relieve your client of that issue.

Then we typically need a mirror image of the hard drive to be made and delivered to me for our expert. I will try to get you an answer today as to whether my client will consent to an order to proceed anonymously or not. Thank you.

Attorney At Law of the State of New Jersey
pjcerillolaw@comcast.net
(908) 284-0997    Fax (908) 284-0915

Patrick J. Cerillo, LLC
4 Walter Foran Blvd.
Suite 402
Flemington, New Jersey 08822

This message is intended only for the individual to whom it is addressed and may contain information that is priviliged or confidential. If you have received this message in error, or are not the intended recipient, please contact me immediately. Improper dissemination of this document or the information contained herein may subject you to legal penalty. Thank you.

Exhibit 7

## Marc I. Kunkin

**From:**       Christie Fay <pjcrealestate@comcast.net>
**Sent:**       Tuesday, April 14, 2015 2:10 PM
**To:**         Marc I. Kunkin
**Subject:**    Malibu Media V. John Doe; Case No. 2:14-cv-07518-MCA-MAH; Settlement
                Communication; CNJ189-1

Mr. Kunkin:

If in fact your client is not responsible, an investigation needs to be conducted to reveal the responsible party. This investigation can not be done until the ISP responds to the subpoena, or your client provides their name and address as well as all individuals in the home having access to the network. What we do know right now is that the responsible party was living in the home for at least two years (2013-2014). Your client providing this information now, will only speed up the process and you will still be able to file a protective order for your client to proceed anonymously once we are ready to amend the complaint after identifying the infringer.

Thank You,

Patrick J. Cerillo, Esquire,

4 Walter Foran Blvd.

Suite 402

Flemington, New Jersey 08822

Ph: (908) 284-0997   Fax: (908) 284-0915

1

# Exhibit 8

## Marc I. Kunkin

| | |
|---|---|
| **From:** | Marc I. Kunkin |
| **Sent:** | Wednesday, April 15, 2015 11:33 AM |
| **To:** | Patrick J. Cerillo |
| **Subject:** | Malibu Media V. John Doe; Case No. 2:14-cv-07518-MCA-MAH |
| **Attachments:** | Malibu Media v. Doe; Malibu Media V. John Doe; Case No. 2:14-cv-07518-MCA-MAH; Settlement Communication; CNJ189-1 |
| | |
| **Importance:** | High |

Pat,

Forgive the tone of this email, but my frustration stems from not knowing whether you are truly attempting to bully my client or your paralegal, Christie Fay, is essentially practicing law without a license and without regard to our communications or my client's rights.  Attached are two emails that I received yesterday- one from you and a subsequent one form Christie.

I received your email yesterday morning and felt we were on the same page.  However, five hours later I received an email from Christie, which continues to demand the identity of my client and, at this point, portraying unsupported and baseless accusations as fact.  This conduct highlights one reason why my client's identity needs to be protected.

Christie states "an investigation needs to be conducted to reveal the responsible party", my client's identity must be disclosed and "what we do know right now is that the responsible party was living in the home for at least two years".  I challenge each of these assertions and will press for her to support these statements with the required good faith basis or hold her responsible for same, if we cannot reach a mutually satisfactory resolution I will seek a hearing to address this conduct.

First, my client is under no obligation to assist Malibu Media to try and find the alleged infringer.  Second, my client does not even know that there was an infringement using my client's IP address.  Assuming some bytes were downloaded through this IP, there is also the question of whether a partial and unplayable download amounts to an infringement.  (This is raised as a potential issue, as it is one I am academically curious about - my client maintains that my client has not downloaded any Malibu Media content illegally).  Either way, Malibu has not provided any support to my office to establish a basis for this litigation or Christie's heavy handed (and impermissible) tactics.  Third, you have acknowledged there have been instances where the infringer was not a resident of the home, yet Christie is stating that there was an infringement and it was by a resident of the home.  Here, I have established that on the one date stated in the subpoena, the account holder and the laptop were both out of state.

To be clear and to reflect the reasonableness of what I am seeking as my good faith effort to resolve what I view as the current issue, I demand that your office immediately withdraw the subpoena, which is not even necessary, as it has been acknowledged twice that my client could proceed anonymously and we could continue to work together to resolve the claims made in the Complaint.

I believe my client's position is reasonable and justified. Please let me know whether the subpoena will be withdrawn and, of so, we can then address how to proceed as the professionals that we are. In case your office or your client does not withdraw the subpoena, I once again acknowledge that while the deadlines imposed by the subpoena prevent us from extending the usual safe harbor period under Rule 11, we reserve our rights to seek sanctions in this matter.

Regards,

Marc I. Kunkin
on behalf of Hill Rivkins LLP
45 Broadway, Suite 1500
New York, N.Y. 10006-3739
Tel.: 212-669-0600 (Direct -0630)
Fax: 212-669-0698/0699
-------------------------------------------------------

The information contained in this transmission may contain privileged and confidential information. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution or duplication of this communication is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

**Marc I. Kunkin**

| | |
|---|---|
| **From:** | Patrick J. Cerillo <pjcerillolaw@comcast.net> |
| **Sent:** | Tuesday, April 14, 2015 9:48 AM |
| **To:** | Marc I. Kunkin |
| **Cc:** | 'Christie Fay' |
| **Subject:** | Malibu Media v. Doe |

Hello Mr. Kunkin: I saw your e-mail about trying to reach me. I apologize for my delay in responding last week.

Thank you for sending the redacted hotel invoice. I have sent your e-mail to the client with my recommendation to allow us to proceed anonymously against your client. If my client will agree to that recommendation this should relieve your client of that issue.

Then we typically need a mirror image of the hard drive to be made and delivered to me for our expert. I will try to get you an answer today as to whether my client will consent to an order to proceed anonymously or not. Thank you.

Attorney At Law of the State of New Jersey
pjcerillolaw@comcast.net
(908) 284-0997    Fax (908) 284-0915

Patrick J. Cerillo, LLC
4 Walter Foran Blvd.
Suite 402
Flemington, New Jersey 08822

This message is intended only for the individual to whom it is addressed and may contain information that is priviliged or confidential. If you have received this message in error, or are not the intended recipient, please contact me immediately. Improper dissemination of this document or the information contained herein may subject you to legal penalty. Thank you.

## Marc I. Kunkin

**From:**      Christie Fay <pjcrealestate@comcast.net>
**Sent:**      Tuesday, April 14, 2015 2:10 PM
**To:**        Marc I. Kunkin
**Subject:**   Malibu Media V. John Doe; Case No. 2:14-cv-07518-MCA-MAH; Settlement
             Communication; CNJ189-1

Mr. Kunkin:


If in fact your client is not responsible, an investigation needs to be conducted to reveal the responsible party. This investigation can not be done until the ISP responds to the subpoena, or your client provides their name and address as well as all individuals in the home having access to the network. What we do know right now is that the responsible party was living in the home for at least two years (2013-2014). Your client providing this information now, will only speed up the process and you will still be able to file a protective order for your client to proceed anonymously once we are ready to amend the complaint after identifying the infringer.



Thank You,


Patrick J. Cerillo, Esquire,

4 Walter Foran Blvd.

Suite 402

Flemington, New Jersey 08822

Ph: (908) 284-0997   Fax: (908) 284-0915

**Marc I. Kunkin**

| | |
|---|---|
| **From:** | Microsoft Outlook <MicrosoftExchange329e71ec88ae4615bbc36ab6ce41109e@hillrivkinsEO.onmicrosoft.com> |
| **To:** | Patrick J. Cerillo |
| **Sent:** | Wednesday, April 15, 2015 11:33 AM |
| **Subject:** | Relayed: Malibu Media V. John Doe; Case No. 2:14-cv-07518-MCA-MAH |

**Delivery to these recipients or groups is complete, but no delivery notification was sent by the destination server:**

Patrick J. Cerillo

Subject: Malibu Media V. John Doe; Case No. 2:14-cv-07518-MCA-MAH