Marc I. Kunkin, Esq.
HILL RIVKINS LLP
102 Broadway
South Amboy, NJ 08879-1708
*Attorneys for JOHN DOE subscriber assigned IP address 108.53.86.97*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MALIBU MEDIA, LLC, <br><br> Plaintiff, <br><br> -v- <br><br> JOHN DOE subscriber assigned IP address 108.53.86.97, <br><br> Defendant. | Civil Action No.: 2:14-cv-07518-MCA |

## MOTION TO QUASH SUBPOENA ISSUED TO VERIZON AND FOR LIMITED DISCOVERY OF PLAINTIFF'S BASIS FOR THIS LAWSUIT

### BACKGROUND

Plaintiff Malibu Media is a pornographic film production company based in California. As already stated in a motion pending before Judge Michael A. Shipp of this court, plaintiff's business model appears to be primarily based on pornographic copyright infringement litigation, which is predicated on the exploitation of U.S. copyright laws. See MALIBU MEDIA, LLC v. JOHN DOE, 3:14-cv-03945-MAS-DEA at docket number 14. Based on a review of the online records from the District Court of New Jersey, Malibu has filed numerous lawsuits alleging the infringement of various pornographic copyrights via BitTorrent. In the previously mentioned case, it is alleged that plaintiff has filed more than 2,000 such lawsuits nationwide.

In this case, the issued subpoena asserts a single violation that occurred on October 1, 2014 at 3:34:23 AM. *See Exhibit 1 of Declaration of Marc I. Kunkin.* As counsel for the account holder of the subject ISP, who wishes to remain anonymous, I redacted hotel records that

confirm the account holder was out of state with her laptop on the specified date and time. *See Exhibit 2 of Declaration of Marc I. Kunkin*. While counsel for plaintiff has orally represented that his client has a procedure to quickly evaluate whether a claim has merit while permitting the defendant to remain anonymous, he has not provided any such procedure to defendant. Furthermore, all written correspondence form plaintiff's office repeatedly threatens to obtain my client's identity and counsel's paralegal takes the position the only way to avoid such embarrassment is to pay $10,000.

Based on experiences in this case, plaintiff appears to be inappropriately using this subpoena technique to coerce a settlement in order to prevent the defendant from having their name published as an illegal downloader of pornography, by virtue of being named as the defendant in an Amended Complaint. It is respectfully submitted that the subpoena should be quashed, defendant be allowed to proceed anonymously and plaintiff be required to demonstrate a good faith basis for this lawsuit.

### Plaintiff is wrongly using the Federal Court system to Shame Coerce Defendant into Settling Claims, regardless of whether the claims have any merit

In the subject complaint, plaintiff claims to own the copyright to 19 works identified in an exhibit to its complaint. All of the films are pornographic films that have descriptive titles and plaintiff repeatedly threatens to name the ISP owner as the defendant in the lawsuit, if a settlement is not reached. In my career, I have never experienced the type of strong arm tactics that are being exercised by plaintiff.

Except for one occasion all efforts to verbally speak with plaintiff's counsel have been thwarted by a paralegal, Christie Fay, who has represented herself to be the person handling "these files". After being informed that the account holder for the ISP did not violate the alleged

2

copyrights and that a settlement might be preferable on an economic basis, Ms. Fay wrote "[m]y client has rejected your offer without an investigation into hardship. If your client would like to provide their name and address, I could investigate and advise my client. Otherwise, I have been instructed to wait for the ISP to respond to the subpoena." See Exhibit 3 of Declaration of Marc I. Kunkin. There was no claim of hardship, but yet Ms. Fay is demanding to know the identity of my client. When I called Ms. Fay to question such tactics as harassing and malicious, she finally permitted me to speak with attorney Pat Cerillo. Mr. Cerillo was cordial and professional. He recognized a miscommunication and stated he would contact the client directly and provide me with a document he developed and calls an "exculpatory questionnaire." However, no such document was received. Instead, I received another email from Ms. Fay demanding payment of thousands of dollars in eight days or "we will wait for the ISP to release the name. See Exhibit 4 of Declaration of Marc I. Kunkin.

In a final effort to try and provoke a meaningful dialogue, an email was sent to counsel's office voluntarily providing a redacted hotel bill demonstrating defendant and defendant's laptop were out of state on the date/time alleged in the subpoena and advising that defendant may seek relief under Rule 11 due to the handling of this matter. See Exhibit 5 of Declaration of Marc I. Kunkin. In response, counsel wrote that he would recommend that defendant proceed anonymously and stated "we typically need a mirror image of the hard drive to be made and delivered to me for our expert". See Exhibit 6 of Declaration of Marc I. Kunkin. Instead, Ms. Fay, the paralegal, responds that the necessary investigation requires my client's identity to be disclosed and makes baseless/unsupported statements, while ignoring the proof that my client was not home on the day specified in the subpoena. See Exhibit 7 of Declaration of Marc I. Kunkin. A further effort was made to contact counsel for plaintiff expressing frustration at the

strong arm tactics that continue to be employed and, once again, making a good faith effort to resolve this subpoena issue before filing the present motion. See Exhibit 8 of Declaration of Marc I. Kunkin.

Plaintiff has not shown any meaningful interest in addressing the merits of defendant's positon that the specified IP address belongs to a person who did not download the referenced movies. Instead, plaintiff demands thousands of dollars payable in an unreasonable period of time in order to avoid public shaming.

The tactics being employed in this case are reportedly a matter of course for this plaintiff. As stated on the website http://pietzlawfirm.com/malibu-media-lawsuit:

> Typically, Patrick Collins [an attorney for Malibu Media] attempts to exploit the court's subpoena power coupled with the embarrassment of being a named defendant in a lawsuit associated with pornography, to unfairly leverage "settlements" from Internet subscribers who may or may not unlawfully downloaded and/or accessed the pornographic films at issue. Unfortunately, the threat of pending litigation can be burdensome and costly, and innocent defendants tend to choose the "settlement" path instead of fight. These defendants would rather not incur the ghastly expense of copyright litigation or face the potential embarrassment of fighting the case through various levels of the court system in hopes to reach a favorable judgment. Instead, they "settle" by "feeding the troll" a few thousand dollars to make the case go away and spare their name while being wrangled by these "copyright trolls."
>
> To make matters worse, Malibu Media surreptitiously geo-locates their defendants based on affluent zip codes ... Malibu Media does not fully investigate who actually illegally accessed their content, and instead blindly accuses the subscriber of the IP address in the household or business without verifying who actually took the content. This can leave many innocent "John Doe" defendants being blamed for something they did not do, and now must suffer through trying litigation.

A law firm that claims to represent persons accused of violating copyrights by using Bit Torrent charges a uniform fee for alleged violators with the exception of Malibu Media. This law firm charges a higher fee for cases brought by Malibu Media because of their tactics. See http://www.firmequity.com/copyright. According to this law firm, Malibu Media demands

4

higher settlements than other companies unless a hardship is demonstrated. Id. Malibu Media is utilizing such tactics here, as they are not addressing the fact that the defendant did not violate any copyright and are demanding her identity under the guise of wanting to evaluate whether there is a hardship, even though the defendant does not claim any such hardship.

It is requested that the subpoena issued to Verizon in this case be quashed and/or defendant be permitted to continue as defendant Doe.

### Plaintiff reportedly relies on an expert, who would not pass muster under Kumho Tire Co. v. Carmichael, 119 S.Ct. 1167 (1999)

While plaintiff's movies may be downloaded by some people through programs/websites such as Bit Torrent, such acts do not justify the bully tactics being employed by plaintiff. In fact, there is at least one case pending where plaintiff is being accused of pursuing copyright violations for pornographic movies, such as the ones at issue here, even though it may not be in compliance with the detailed record-keeping requirements of 18 U.S.C. § 2257 to prevent child pornography. As stated in a motion that remains pending before Judge Michael A. Shipp, plaintiff does not employ professional, third party custodians of records and instead represents that its founder is the custodian of records for films touted as depicting teens from eastern European countries.

As acknowledged in paragraph 17 of the subject complaint, all bits that comprise a digital media file need to be downloaded in order for a person to infringe a copyright and have a playable digital media file. As alleged in paragraph 19 of plaintiff's complaint, its expert supposedly "downloaded from Defendant one or more bits of each of the digital movie files identified". Even if defendant Doe was the actor, which she is not, an actionable copyright violation would require a playable movie, not unplayable bits.

    Even more disturbing, is a pending allegation against plaintiff that its technical expert, who is allegedly responsible for collecting the computer forensic evidence that serves as the basis for these suits, was found by a German court to be the party that initially uploaded (seeded) these movies onto BitTorrent. If true here, and assuming that defendant had downloaded the movies (which she did not), this would constitute an implied license. The motion before Judge Michael A. Shipp claims that plaintiff's expert operates as an Anti-Piracy Management Company, but has been under scrutiny because it has been unwilling or unable to produce forensic evidence.

    It is respectfully submitted that based on the above, this Court should permit discovery into the basis used by plaintiff to file this lawsuit, including its purported expert's credentials, methodologies, and basis for any conclusions as well as establishing it is the copyright holder of the subject movies before requiring defendant to incur the costs of a litigation.

## CONCLUSION

    For obvious reasons, plaintiff filed a motion seeking to serve the subpoena prior to a Rule 26(f) conference. However, plaintiff can now communicate with the defendant through Hill Rivkins, LLP. However, the tactics being employed to date are harassing and defendant will face public embarrassment if defendant's identity is disclosed. There is no evidence that the account holder of the subject IP address was the actor and publically naming the defendant is not required for plaintiff to pursue its claims. In fact, defendant has produced records demonstrating defendant and defendant's laptop were not in this state on the date and time alleged in the subpoena.

It is respectfully submitted that the subpoena issued to Verizon in this case be quashed, defendant be permitted to proceed as defendant Doe and discovery be limited to the basis used by plaintiff to file this lawsuit, including its purported expert's credentials, methodologies, and basis for any conclusions as well as establishing it is the copyright holder of the subject movies.

Defendant further prays for such other and further relief as this Court deems just and proper under the circumstances.

Dated: South Amboy, New Jersey
April 29, 2015

                HILL RIVKINS LLP

                *Attorneys for Defendant, John Doe subscriber assigned IP address 108.53.86.97*

                By: _____
                    Marc I. Kunkin
                    102 South Broadway
                    South Amboy, NJ 08879-1708

To: Patrick J. Cerillo, Esquire,
*Attorney for Plaintiff*
4 Walter Foran Blvd.
Suite 402
Flemington, New Jersey 08822

Verizon Legal Compliance (BY FEDERAL EXPRESS)
Custodian of Records
P.O. Box 1001
San Angelo, TX 76902

Verizon Legal Compliance (BY FAX: 325-949-6916 – without exhibits)
Custodian of Records
P.O. Box 1001
San Angelo, TX 76902

Verizon Legal Compliance (BY FAX: 325-949-6916 – with exhibits)
Custodian of Records
P.O. Box 1001
San Angelo, TX 76902

## CERTIFICATION OF MAILING

I, Marc I. Kunkin: I am not a party to the action, am attorney for JOHN DOE subscriber assigned IP address 108.53.86.97. On April 29, 2015, I served the within **Motion to Quash Subpoena Issued to Verizon and for Limited Discovery of Plaintiff's Basis for this Lawsuit** by depositing a true copy thereof in a post-paid wrapper, in an official depository under exclusive care and custody of the United States Postal Service, addressed to each of the following persons at the last known address set forth after each name.

To: Patrick J. Cerillo, Esquire,
4 Walter Foran Blvd.
Suite 402
Flemington, New Jersey 08822
*Attorney for Plaintiff*

Marc I. Kunkin

CERTIFICATION OF MAILING

I, Marc I. Kunkin: I am not a party to the action, am attorney for JOHN DOE subscriber assigned IP address 108.53.86.97. On April 29, 2015, I served the within **Motion to Quash Subpoena Issued to Verizon and for Limited Discovery of Plaintiff's Basis for this Lawsuit** by depositing a true copy thereof in by Facsimile and by Federal Express in a post-paid wrapper, in an official depository under exclusive care and custody of the Federal Express Service, addressed to each of the following persons at the last known address set forth after each name.

To:  Verizon Legal Compliance
     Custodian of Records
     P.O. Box 1001
     San Angelo, TX 76902

_____
Marc I. Kunkin