Patrick J. Cerillo, Esq.
Patrick J. Cerillo, LLC
4 Walter Foran Blvd., Suite 402
Flemington, NJ 08822
Attorney ID No. 01481-1980
T: (908) 284-0997
F: (908) 284-0915
pjcerillolaw@comcast.net
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MALIBU MEDIA, LLC,<br><br>             Plaintiff,<br><br>v.<br><br>JOHN DOE subscriber assigned IP address 108.53.86.97,<br><br>             Defendant. | Civil Action No. 2:14-cv-07518-MCA-JBC |

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO QUASH SUBPOENA ISSUED TO VERIZON AND FOR LIMITED DISCOVERY OF PLAINTIFF'S BASIS FOR THIS LAWSUIT [CM/ECF 9-10]

### I.    INTRODUCTION

Defendant's Motion fails to assert a legally cognizable basis for quashing

Plaintiff's lawfully issued subpoena under the Federal Rules of Civil Procedure.

Instead, Defendant claims that she is being improperly pressured into settling and

1

is innocent of the claims asserted against her.  Defendant's denial of liability is not a reason to quash the subpoena.  Arguments that go to the merits of the complaint are premature at this stage of the litigation where Plaintiff does not even know who it is litigating against.  Further, Defendant's production of a redacted hotel receipt which purportedly shows she was away during *one* day on which the infringement was detected does not absolve her of liability.  And, Plaintiff is not required to take Defendant's denial at face value.  Further, Plaintiff's stated intent to receive the subpoena response from Defendant's ISP before continuing to negotiate a settlement is not improper nor a threat.  Plaintiff's subpoena was lawfully issued and it is entitled to receive a response and conduct an appropriate investigation before continuing to negotiate.  Finally, Plaintiff does not object to allowing Defendant to remain anonymous.  Thus, her concern over undue embarrassment is unfounded.  For the foregoing reasons, as explained more fully below, this Court should deny the subject Motion except to the extent that Defendant requests to litigate this case anonymously as "John Doe."

## II.    LEGAL STANDARD

Fed. R. Civ. P. 45(d)(3) provides that a court must modify or quash a subpoena that fails to allow a reasonable time to comply; requires a person to comply beyond the geographical limits specified in Rule 45(c); requires disclosure of privileged or other protected matter, if no exception or waiver applies; or,

subjects a person to undue burden.  *See* Fed. R. Civ. P. 45(d)(3)(A)(i-iv).  The Rule also provides for circumstances in which a court *may* modify or quash a subpoena. These circumstances are when the subpoena requires disclosure of trade secret or other confidential research, development, or commercial information; or disclosure of certain expert opinions.  *See* Fed. R. Civ. P.  45(d)(3)(B)(i-ii).

### III.    DEFENDANT'S MOTION SHOULD BE DENIED

### A. Defendant's Motion Fails to Assert a Legally Cognizable Reason to Quash the Subpoena Under Fed. R. Civ. P. 45

"The party seeking to quash the subpoena bears the burden of demonstrating that the requirements of [Rule 45] are satisfied."  *Malibu Media, LLC v. John Does 1-18*, 2014 WL 229295, at *6 (D.N.J. 2014).  *See also Malibu Media, LLC v. Doe*, 2015 WL 574274, at *3 (M.D. Fla. Feb. 11, 2015) (same); *Malibu Media, LLC v. Doe*, 2015 WL 1886210, at *1 (E.D. Mich. Apr. 24, 2015) (same); *Malibu Media, LLC v. John Does 1-15*, 2012 WL 3089383, at *5 (E.D. Pa. 2012) (same).  Here, Defendant's Motion fails to state a legally cognizable reason under Fed. R. Civ. P. 45 to quash Plaintiff's third-party subpoena.  In fact, Defendant's Motion fails to even mention the governing federal rule.  As such, Defendant's Motion should be denied.

### B. Arguments That Go to The Merits of Plaintiff's Complaint Have No Bearing on a Motion to Quash

Although Defendant denies liability for the infringement alleged in Plaintiff's Complaint, Defendant's denial is irrelevant to her motion to quash and premature at this stage of the litigation.  Arguments that "go to the merits of the action [] are 'not relevant as to the validity or enforceability of a subpoena," and should be "presented and contested once parties are brought properly into the suit.'"  *Malibu Media, LLC v. Doe*, 2014 WL 1228383, at *2 (N.D. Ill. 2014) (quoting *First Time Videos, LLC v. Does 1–500,* 276 F.R.D. 241, 251 (N.D. Ill. 2011).  *See also Malibu Media, LLC v. John Does 1-14*, 287 F.R.D. 513, 517 (N.D. Ind. 2012) (defenses and denials of liability "do not address the propriety *vel non* of the subpoenas" and are therefore "irrelevant and premature.").  Further, this Court has already correctly held that "[t]here is good cause in this case to permit limited discovery prior to the Rule 26(f) conference.  The information is necessary to allow Plaintiff to identify the appropriate defendant, and to effectuate service of the Amended Complaint.  The Court certainly recognizes that the IP account holder might not be personally responsible for the alleged infringement.  However, the IP account holder might possess information that assists in identifying the alleged infringer, and thus that information is discoverable under the broad scope of Rule 26."  CM/ECF 5, at p. 4.  Thus, even if Defendant is not the infringer, Plaintiff is entitled to receive the subpoena response from Defendant's ISP.

Specifically, Defendant argues that she could not have committed the infringement because she "voluntarily provid[ed] a redacted hotel bill demonstrating defendant and defendant's laptop were out of state on the date/time alleged in the subpoena[.]" Motion, CM/ECF 9-10, at p. 3. Setting aside the fact that Defendant's assertion has no bearing on her Motion to Quash, even if Defendant was away on the date listed on Plaintiff's subpoena, Defendant's argument ignores: (1) Plaintiff's Complaint alleges copyright infringement of nineteen (19) of Plaintiff's copyrighted movies between February 5, 2014 and October 1, 2014. [CM/ECF 1, at Exhibit A]. Defendant's purported absence on one of the days of infringement does not absolve Defendant of liability for the other eighteen (18) dates on which the infringement occurred; and (2) Defendant could have left BitTorrent running on a computer in her residence during the time that she was away. So long as the BitTorrent client is open and running, it will continue to download and distribute content. Thus, it is inconsequential that she was purportedly away for a few days towards the end of the recorded infringement period.

Defendant's voluntary production of a redacted hotel receipt which Plaintiff cannot even confirm belonged to the Defendant is not dispositive of the case. Defense counsel's threatened Rule 11 sanctions for continuing to litigate after production of the redacted receipt are baseless and improper. Regardless, none of

the foregoing is a legally cognizable basis to quash Plaintiff's lawfully issued subpoena under Rule 45.

### C. Defendant's Request for Discovery is Improper and Unnecessary

Continuing to prematurely attempt to challenge the merits of Plaintiff's allegations and evidence, Defendant argues that Plaintiff's copyrights may be invalid, the Complaint does not allege actionable infringement, and that Plaintiff's investigator may have been the one to initially upload Plaintiff's copyrighted content to BitTorrent and may be engaged in other fraud. Motion, pp. 5-6. Based upon these assertions, Defendant requests the Court to "permit discovery into the basis used by plaintiff to file this lawsuit, including its purported expert's credentials, methodologies, and basis for any conclusion as well as establishing it is the copyright holder of the subject movies before requiring defendant to incur the costs of a litigation." Motion, p. 6.

Defendant's request for early discovery to challenge Plaintiff's case is unwarranted, improper and unnecessary. Indeed, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d). Here, *none* of Defendant's baseless accusations are true. Regardless, Defendant can attempt to support his theories through the normal discovery process at the appropriate time. To allow Defendant to conduct

extensive early discovery on the merits of Plaintiff's case prior to Plaintiff even knowing Defendant's identity would clearly be improper and unfairly prejudicial. Further, as with Defendant's other arguments, Defendant's speculation about claimed wrongdoing to which he currently has no evidence is not a reason to quash the subpoena or circumvent the normal course of litigation.

### D. Plaintiff Does Not and Has Not Engaged in Improper Litigation Tactics

Defendant claims that she is being "strong armed" by Plaintiff because Plaintiff is "demanding to know the identity of [Defendant]" and "threatening" to receive the response from Defendant's ISP. Motion, p. 3. Defendant's attempt to paint Plaintiff as attempting to extort a settlement from Defendant plainly fails. Plaintiff has a right to know the identity of the individual it is litigating against. And, insisting upon receiving a response from Defendant's ISP to Plaintiff's lawfully issued third-party subpoena is neither unreasonable nor improper.

Without the identity of the subscriber whose internet was used to repeatedly steal Plaintiff's copyrighted content, this case simply cannot proceed. And, to the extent Defendant is interested in settling, Plaintiff made a good faith offer to do so. Defendant rejected Plaintiff's offer and made a counteroffer, which was rejected by Plaintiff. Without knowing Defendant's identity and conducting an appropriate investigation, Plaintiff is simply not willing to further negotiate or lower its settlement offer – which was reasonable and in line with relevant law and

precedent.   Plaintiff has *never* threatened to embarrass Defendant nor acted improperly.   To the contrary, it was Plaintiff that suggested to Defendant to file a motion to proceed anonymously in light of Defense counsel's representation that the subscriber was not the infringer.   *See* CM/ECF 9-1 at pp. 30, 32. Defense counsel's assertion that "[i]n my career, I have never experienced the type of strong arm tactics that are being exercised by plaintiff" is both overly dramatic and false.  Motion, p. 2.  Indeed, "the record to date does not demonstrate that plaintiff has engaged in such tactics . . . plaintiff has sufficiently asserted the right to pursue its claims of infringement, and . . . the information sought is relevant under Rule 26. Therefore, the Court must deny defendant's application to quash the subpoena on that basis."  *Malibu Media, LLC v. John Does 1-11*, 2013 WL 1504927, at *7 (D.N.J. 2013) (denying motion to quash asserting the same argument as here).

Plaintiff has a right to receive the subpoena response from Defendant's ISP, a right to know Defendant's identity and investigate before continuing to negotiate, and has never threatened Defendant in any way.  Defense counsel's hyperbole is further undermined by Plaintiff's agreement to allow Defendant to proceed anonymously.  *See below*.

To wit: numerous courts throughout the country have expressly found that Plaintiff does not engage in improper litigation tactics. The Honorable Judge Baylson of the Eastern District of Pennsylvania held that Plaintiff does not use

"unscrupulous tactics and false accusations to collect millions of dollars from innocent and injured computer users." *Malibu Media, LLC v. John Does 1, 6, 13, 14*, 950 F. Supp. 2d 779, 788 (E.D. Pa. 2013).  Similarly, the Honorable Judge Hegarty of the District of Colorado stated: "the Court has [] witnessed firsthand the Plaintiff's willingness to resolve cases without any monetary payment when a Defendant credibly denies infringement." *Malibu Media, LLC v. John Does 1-2, 4-8, 10-16, 18-21*, 2013 WL 1777710 (D. Colo. 2013).  Other courts have also opined that the criticism Plaintiff receives is unwarranted.  "[Defendant] has not presented any evidence that Malibu has engaged in harassing behavior for the Court to consider, nor has the Court observed bad faith behavior or the use of improper tactics on its part thus far." *Malibu Media, LLC v. John Does 1-6*, 2013 WL 2150679 (N.D. Ill. 2013).  *See also Malibu Media, LLC v. John Does 1-5*, 2012 WL 3641291, at *4 (S.D.N.Y. 2012) (same); *Malibu Media, LLC v. John Does 1-30*, 2:12-cv-13312-DPH-MJH, CM/ECF 61, at p. 15 (E.D. Mich. May 16, 2013) (same); *Malibu Media, LLC v. Reynolds*, 2013 WL 870618 at *7 (N.D. Ill. 2013) ("the fact that suits of this nature settle quickly does not mean there is any wrongdoing on the part of copyright owners."); *Malibu Media, LLC v. John Does 1-9*, 8:12-cv-00669-SDM-AEP, CM/ECF 25, at p. 7 (M.D. Fla. July 6, 2012) (same).  In light of the foregoing, Defendant's baseless argument fails.

### E.   Plaintiff Does Not Object to Defendant Proceeding Anonymously

Plaintiff does not seek to embarrass Defendant and never objects to the Court allowing a defendant to proceed anonymously by litigating the case as "John Doe."  Accordingly, Plaintiff does not object to allowing Defendant in this case to remain anonymous. This concession should be sufficient to allay Defendant's concern over any undue embarrassment or pressure to settle.   However, as recognized by this Court, Plaintiff *must* obtain the subpoena response from Defendant's ISP before the case can proceed.   Accordingly, the subpoena should not be quashed.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court deny the subject Motion

DATED:  May 18, 2015.


Respectfully submitted,


By:    /s/ *Patrick J. Cerillo*
        Patrick J. Cerillo, Esq.
        Patrick J. Cerillo, LLC
        4 Walter Foran Blvd., Suite 402
        Flemington, NJ 08822
        T: (908) 284-0997
        F: (908) 284-0915
        pjcerillolaw@comcast.net

Attorney ID No. 01481-1980

*Attorneys for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 18, 2015 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all registered counsel of record and interested parties through this system.

By: <u>/s/ Patrick J. Cerillo</u>